Filed 10/19/22  P. v. Hernandez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ANGEL HERNAN HERNANDEZ, Defendant and Appellant. | F084420 (Super. Ct. No. 14CMS1997) **OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Peña, J. and Snauffer, J.

Appointed counsel for defendant Angel Hernan Hernandez asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending the trial court erred in denying his petition for resentencing under Penal Code section 1170.126.[1] We affirm the trial court's denial of the petition.

### BACKGROUND

On April 30, 2014, defendant and other inmates, all gang members, planned to " 'hit' " a correctional officer with a shank.

On February 29, 2016, the Kings County District Attorney filed a second amended information charging defendant with conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a); count 1) and conspiracy to commit an assault upon a custodial officer (§§ 182, subd. (a)(1), 245.3; count 2). As to both counts, the information further alleged defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)). The information further alleged defendant had suffered three prior serious felony convictions (§ 667, subd. (a)) and three prior "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On March 2, 2016, a jury found defendant not guilty on count 1 and guilty on count 2, and found true the criminal street gang and prior conviction allegations.

On July 19, 2016, the trial court concluded that only two of the priors were separately brought and tried. The court sentenced defendant to 40 years to life in prison as follows: 25 years to life on count 2 pursuant to the Three Strikes law, plus a five-year gang enhancement and two five-year prior serious felony conviction enhancements.

---

[1] All statutory references are to the Penal Code.

On appeal, we struck the five-year gang enhancement because we concluded the 15-year minimum parole eligibility term of section 186.22, subdivision (b)(5) applied instead. (*People v. Hernandez* (May 25, 2018, F074184) [nonpub. opn.].)

On January 24, 2022, defendant filed a petition for resentencing under section 1170.126, contending his current offense was not serious or violent.

On March 30, 2022, the trial court denied the petition, finding defendant ineligible because (1) his underlying offense, conspiracy to commit assault with a deadly weapon upon a custodial officer, was a serious offense under section 1192.7, and (2) the offense "involved [defendant] armed with a deadly weapon intended to cause great bodily injury to another person."

On May 31, 2022, defendant filed a notice of appeal.

### DISCUSSION

In November 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12. Prior to that, the former Three Strikes law mandated that a defendant who had been convicted of two or more serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a new felony. Proposition 36 amended the Three Strikes law so that a defendant with two or more strikes who is convicted of a new felony is subject to a sentence of 25 years to life only if the new felony is either serious or violent (or if certain exceptions apply); otherwise, he is sentenced as a second strike offender. (See *People v. Conley* (2016) 63 Cal.4th 646, 652–653.)

Proposition 36 also added section 1170.126, which allows eligible inmates who are currently serving a 25-year-to-life sentence under the former Three Strikes law to petition the trial court for resentencing. An inmate is eligible to petition for resentencing if his sentence would not have been a 25-year-to-life sentence had he been sentenced under the newly reformed Three Strikes law—that is, if he is serving an indeterminate life sentence based on a third strike that is *not* a violent felony or serious as defined by

3

section 667.5, subdivision (c) or section 1192.7, subdivision (c).  (§ 1170.126, subds. (a), (b); *People v. Conley*, *supra*, 63 Cal.4th at p. 653.)

Defendant's section 1170.126 petition alleged that his current offense is not a violent or serious offense under Proposition 57, and thus he is eligible for resentencing. Contrary to defendant's contention, however, his current offense (his third strike) *is* a serious felony as defined by section 1192.7, subdivision (c)(32) and (42) ["(c) As used in this section, 'serious felony' means any of the following:  [¶]  (32) assault with a deadly weapon against a public transit employee, custodial officer, or school employee, in violation of Section 245.2, 245.3, or 245.5; … and (42) any conspiracy to commit an offense described in this subdivision."].)  This is enough to disqualify him from resentencing pursuant to section 1170.126.  Under these facts, we need not address the trial court's additional disqualification finding that defendant was armed with a deadly weapon.

We note that some issues raised by defendant are no longer cognizable.  They were not raised in his appeal from the judgment, and the time to appeal them has passed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's denial of defendant's section 1170.126 petition is affirmed.